## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

Edward SHANNON, C. W. Shannon and Arthur F. Simpson, doing business as Shannon & Simpson Casket Company, Respondents.

No. 13644.

United States Court of Appeals
Ninth Circuit.

Jan. 16, 1956.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Charles Hackler, Director, N. L. R. B., Los Angeles, Cal., for petitioner.

James S. Duberg, Chula Vista, Cal., Holmes E. Hobart, Los Angeles, Cal., for respondents.

Before DENMAN and POPE, Circuit Judges.

POPE, Circuit Judge.

On December 14, 1953 this Court filed its opinion enforcing an order of the petitioner Board requiring the respondents to cease and desist from certain activities in violation of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq.

N. L. R. B. v. Shannon, 9 Cir., 208 F.2d 545. Thereafter on January 18, 1954, formal decree was entered pursuant to the decision aforesaid in which the respondents were directed to cease and desist from refusing to bargain collectively with the union mentioned in such proceedings as the exclusive representative of the employees at its Alhambra, California, plant, and to take affirmative action including the bargaining collectively with that union and the posting of certain designated notices. On October 24, 1955 respondents filed in this Court their motion and petition for an order construing or modifying this court's decree. In that petition respondents allege that during the late spring and early summer of 1951, and after the close of the hearing before the Board's trial examiner, respondents sold their Alhambra, California, plant and building and now operate a plant located at Azusa, California, and that the Alhambra plant no longer exists.[1] It is alleged that from the inception of the operations at the Azusa plant respondents manufactured no upholstered caskets but only metal casket shells; that they initiated at Azusa the fabrication of certain items pursuant to defense contracts in which the majority of their employees are exclusively engaged; that for this reason there is no appropriate bargaining unit at their Azusa plant and that they have been advised by counsel that it is therefore impossible to comply with the Court's decree. The respondents prayed that a special master be appointed to take testimony and make findings of fact respecting the allegations of the petition and they prayed for a ruling that the decree does not require them to bargain with the union therein mentioned.

On November 14, 1955 the Board filed its opposition to that petition together with its petition that we adjudge the respondents in civil contempt of this Court's decree. Both the petition of respondents and that of the Board were set down for hearing and argued at the same time. It is respondent's position that the Court, by the appointment of a master or otherwise, should take testimony and make findings of fact before making any order with respect to the Board's application for an adjudication of contempt.

Respondents filed an answer to the Board's petition in which some only of the allegations of that petition are denied, and the answer further sets up by way of affirmative defense an allegation that on February 8, 1954 respondents notified the union and the Regional Director of the position which they now take herein and that "thereafter" they filed with the Board a petition to stay the enforcement of the Board's order and a motion to reopen the record which contained allegations substantially the same as those contained in the respondent's petition here for construction of the decree. The answer recites that about October 1, 1955 respondents were notified that the Board would proceed against them for contempt as it proceeded to do by the petition now before us.

■ We find no occasion for making any provision for the taking of testimony or the making of further findings for the record contains an adequate showing of sufficient uncontroverted facts to warrant the making of what we deem to be an appropriate order in this matter. We agree with the contention of the Board that although our decree in requiring respondents to cease and desist from refusing collective bargaining referred to the union "as the exclusive representative of all of the production and maintenance employees at its Alhambra, California, plant", that reference to the Alhambra plant was descriptive only and for the purpose of identifying respondents' employees. We hold that this reference to Alhambra in no manner prohibits the reach of the decree to respondents' plant in its removed location.

■ Particularly significant is the fact noted in the footnote supra that when respondents appeared in this court

1. Note that this was approximately two and one-half years before the date of this Court's decision. The case was argued here November 18, 1953.

and made their argument against the enforcement of the Board's order on November 18, 1953, all of the claimed changes in respondents' situation and location had taken place nearly two and one-half years previously. The law does not permit a respondent in this situation to withhold and husband defenses which it had at the time of hearing in this Court and which might have then been called to our attention,[2] and choose to defend on other grounds and then having lost, to come in and attempt to assert that respondents had the other defense all the time.

■■ Respondents concede that they have not complied with the decree of this court and have not undertaken to bargain collectively with the union giving as an excuse their claim that the changed circumstances make that impossible. However, paragraph 5 of the Board's petition here, which paragraph is not denied by the respondent's answer, contains the following statement of fact:

"Further, the Board alleges that there has been no material change in the basic character of the unit heretofore found appropriate. More specifically, the Board shows the Court as follows:

"(a) Ninety percent of the defense contract work employees are in classifications common to the casket work employees;

"(b) Welding is a major process in the casket work and the defense contract work;

"(c) There has been some transfer of employees from one type of work to the other;

"(d) The casket work and the defense contract work are conducted on the same premises;

"(e) The casket work and the defense contract work are under the general supervision of the same partner; and

"(f) The employees engaged on casket work and those engaged on defense contract work use common dressing rooms and time clocks."

We think that under these circumstances no sufficient reason or excuse has been presented which would justify our refusal to judge the respondents now guilty of civil contempt of this Court's decree. We note that substantially the same application for relief from enforcement of the decree has heretofore been presented to the Board and that such application has failed to move the Board to grant or recommend relief from the respondents' obligation to comply with the decree. As stated in National Labor Relations Board v. Warren Co., 350 U.S. 107, 112, 76 S.Ct. 185, 188, the Act, "contemplates cooperation between the Board and the Courts of Appeals both at the enforcement and the contempt stages in order to effectuate its purposes."

■ It is true that in the Warren case the respondent defended on the ground that the union had lost its majority status, while here respondents contend that by reason of the alleged change of circumstances there no longer exists any such bargaining unit as the union was certified to represent. We think, however, that the same principle which was applied by the Supreme Court in the Warren case is applicable here and since in this case "the Board has acted properly within its designated sphere, the court is required to grant enforcement of the Board's order."

We therefore adjudge the respondents guilty of contempt of this Court's decree and it is ordered, adjudged and decreed that unless the respondents within thirty (30) days from the date of this decision shall in good faith begin compliance with the decree by notification of its readiness

2. The Act, Title 29, § 160(e), provides that: "If either party shall apply to the court for leave to adduce additional evidence and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the Board * * * the court may order such additional evidence to be taken before the Board * * * and to be made a part of the transcript." The time for making such a motion was when the case was argued here in November, 1953.

to bargain and the posting of notices and the performance of the other acts required by the decree, they shall pay a fine of one hundred ($100) dollars per day for each day thereafter until they shall so comply.