266 F.2d 503
 RETAIL, WHOLESALE AND DEPARTMENT STORE UNION, AFL-CIO, et al., Appellants,
v.
William J. RAINS, Acting Regional Director of The Tenth Region of The National Labor Relations Board, For and On Behalf of The National Labor Relations Board, Appellee.
 No. 17632.
 United States Court of Appeals Fifth Circuit.
 April 30, 1959.
 
 Jerome A. Cooper, C. V. Stelzenmuller, Birmingham, Ala. (Arthur J. Goldberg, David E. Feller, Washington, D. C., Cooper, Mitch, Black & Crawford, Birmingham, Ala., on the brief), for appellants.
 Winthrop A. Johns, Asst. Gen. Counsel, N.L.R.B., Thomas J. McDermott, Assoc. Gen. Counsel, N.L.R.B., Washington, D. C. (Jerome D. Fenton, Gen. Counsel, Jacques Schurre, Atty., National Labor Relations Board, Washington, D. C., on the brief), for appellees.
 Burr, McKamy, Moore & Thomas, Birmingham, Ala., on the brief, for charging party.
 Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.
 HUTCHESON, Chief Judge.
 
 
 1
 This is an appeal from an order of the United States District Court for the Northern District of Alabama, granting a petition for temporary injunction filed on behalf of the National Labor Relations Board by the Acting Regional Director, pursuant to the provisions of Sec. 10(l) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 141 et seq., particularly Sec. 160(l). The petition was predicated on charges filed with appellee by Perfection Mattress & Springs Co., alleging that appellants had engaged and were engaging in a secondary boycott proscribed by Section 8(b) (4) (A) of the Act.
 
 
 2
 After investigation, appellee concluded that there was reasonable cause to believe that appellants had engaged and were engaging in the unfair labor practices charged and that complaint should issue. Accordingly he filed the petition for injunction and the appellants joined issue therewith.
 
 
 3
 After a hearing, the court, filing findings of fact and conclusions of law,[1] entered the order granting the temporary injunction appealed from. This enjoined and restrained defendants-appellants, pending the final disposition of the matters involved before the Board, from picketing the premises of Standard Furniture Co. and six other named companies by any means or by permitting any such to remain in existence or effect, engaging in or inducing or encouraging employees of said companies or any other employer to engage in a concerted refusal, in the course of their employment, to use, transport, or otherwise handle or work on any goods, articles or commodities or to perform any service where an object thereof is to force or require said companies or other employees or persons to cease doing business with Perfection.
 
 
 4
 Appealing from the order, appellant, apparently disregarding the fact that the injunction is not final but temporary and that the merits of the complaint to be determined by the Board are not before us for decision and may not at this time be determined by us, states the questions presented and seeks to argue the case as though the matter was before us for decision on the merits.
 
 
 5
 Appellee, on his part, thus presents the question involved: whether, in accordance with the congressional scheme embodied in Sec. 10(l) of the Act, the action of the court in granting the preliminary injunction while the Board is hearing and deciding the matter on the merits should or should not be affirmed as in conformity with, or in violation of, the Act. In support of its view that the question should be answered in favor of the district judge's action, appellee points out that the injunctive relief contemplated in the section and granted below is purely interlocutory, pending the final determination of the unfair practice proceeding pending before the Board, and is limited to preserving the status quo against the effects of the wrongful action charged. He points out, too, that, in accordance with traditional equity practices with respect to such interlocutory relief, the only prerequisite to its granting is a finding by the district judge that there is probable cause to believe that a violation of the Act as charged has been, or may be being committed and that, on the balancing of conveniences, temporary injunctive, relief is just and proper. He invokes, in short, the equitable principle controlling, that the chancellor is not called upon to decide on the merits whether in fact a violation of the Act has been committed; and that ultimate determination in respect to this question is reserved exclusively for the Board, subject to review by the Courts of Appeals, pursuant to 10(e) and (f) of the Act. Local 450 International Union of Operating Engineers, A.F.L.-C.I.O. v. Elliott, 5 Cir., 256 F.2d 630 and cases cited.
 
 
 6
 Though, therefore, the appellant seeks to involve us in a determination of the merits of the charge, we must, declining to be so involved, confine our action on this appeal to a determination of the issue before us under the ordinary considerations governing a review here of a preliminary injunction, including, of course, the balancing of conveniences. This being so, we will not undertake to determine whether, on the merits, this court will go with the decisions of the Second Circuit, which appellee categorically describes as "judicially rejecting the view of the Board", National Labor Relations Board v. Business Machine & Office Appliance Mechanics, etc., 228 F. 2d 553, National Labor Relations Board v. Local 50, Bakery & Confectionery Workers, etc., 2 Cir., 245 F.2d 542, other than to say that it seems to us that, as matters now stand, the decisions of this court, National Labor Relations Board v. Truck Drivers Local 728, etc., 5 Cir., 228 F.2d 791, National Labor Relations Board v. Dallas Gen. Drivers, etc., 5 Cir., 1959, 264 F.2d 642, and Truck Drivers & Helpers Local Union No. 728 International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, A.F.L. v. N.L.R.B., 5 Cir., 1959, 265 F.2d 439, seem to look the other way.
 
 
 7
 Turning, then, to the specific, the sole question before us, whether this court can and should reverse the order appealed from on the ground that there is no basis in law or in fact for the findings of the district court on which he based his order, we think it abundantly clear that we may not, we should not, do so.
 
 
 8
 In the first place, while there is no evidence that the conduct enjoined has actually induced the employees to take the concerted action prohibited by law, there is no basis for holding that the cumulative effect of such action, though not yet come to a head, will not probably do so while the complaint is being heard by the Board. In addition, it is not necessary that proof be made that such action has in fact been induced. It is sufficient if there is a basis upon which the court can find that the purpose and intent was to induce such action, and we are of the firm opinion that if, upon this record, we should substitute our judgment for that of the district judge, we would be invading his province by substituting our opinion as to what was equitably required for the opinion and conscience of the chancellor.
 
 
 9
 While, as we have above said, the general considerations controlling the determination here are generally those governing the issuance of interlocutory injunctions, there are the added factors here going a long way to support the action on the balancing of conveniences alone: (1) that the Board, a government agency, having at least theoretically no ax to grind and no interest to serve, has deemed the evidence sufficient to support a complaint before it; and (2) that it is in accordance with common sense and reason to conclude, as the chancellor did on the balancing of conveniences, that picketing of this kind, if continued long enough and with enough vigor and the proceedings before the Board do not move on apace, would induce the concerted action of employees, an action which, no matter how much it is disclaimed on briefs, it must be conceded the picketing union desired and would have directly invited if it had not been prohibited by law from doing so. Cf. Truck Drivers Local No. 728 v. N.L.R.B., supra.
 
 
 10
 No case has been called to our attention where the Court of Appeals has reversed the findings of the district judge granting a temporary injunction under circumstances of this kind. All of the courts of appeals cases cited to us by appellants dealt either with the decision on the merits after the issue had been decided by the Board or with a temporary injunction, not granted, but denied, by the district judge, as in Doud's v. Local No. 50, etc., 2 Cir., 224 F.2d 49, a case sustaining the principles controlling here, that a wide discretion is vested in the chancellor in cases of this kind, and that, unless it is shown that it has been abused, his order must be upheld.[2]
 
 
 11
 Neither can appellants derive any comfort from Local 1976, United Broth. of Carpenters and Joiners of America, A.F. L. v. N.L.R.B., 357 U.S. 93, 94, 78 S.Ct. 1011, 2 L.Ed.2d 1186. In the first place the case did not deal with an injunction but, in a kind of discursive disquisition, it discussed the validity and issue of a hot cargo clause in a contract. While part of what was said in regard to the secondary boycott provision will necessarily have some value when the effect and extent of that prohibition is being considered on the merits, it did not in any way decide or suggest that upon this record the district judge abused his discretion in granting a temporary injunction to preserve the status quo.
 
 
 12
 Without in any way seeking to prejudge the decision on the merits of the case, when they come properly before us, after they have been considered and decided by the Board, we are of the clear opinion that the order appealed from must be
 
 
 13
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 As pertinent here, these are:
 "Findings of Fact:
 "* * * 5(a) * * *
 "(b) Since on or about Oct. 14, 1958, respondents have been engaged in a labor dispute with Perfection and have picketed the premises of Perfection, where Perfection's employees regularly report for work each day.
 "(c) On or about, after and since, Oct. 14, 1958, respondents, in furtherance of their said dispute with Perfection, have picketed the premises of Standard Furniture Co.; Sidney Braswell Furniture; F. G. Calder Furniture Company; Mark Fitzgerald Company; Braswell Furniture Company and Ross Black Furniture Company (herein respectively called Standard, Sidney Braswell, Calder, Fitzgerald, Braswell and Ross) and of other employers.
 "(d) By their acts and conduct described in subparagraph (c) above, and by other means, respondents have engaged in, and have induced and encouraged employees of Standard, Sidney Braswell, Calder, Fitzgerald, Braswell and Ross, and of other employers, to engage in concerted refusals in the course of their employment to use, transport, or otherwise handle or work on goods, articles, materials or commodities, or to perform services.
 "(e) An object of respondents' acts and conduct set forth in subparagraphs (c) and (d) above, has been and is to force or require Standard, Sidney Braswell, Calder, Fitzgerald, Braswell and Ross, and other employers and persons, to cease doing business with Perfection.
 "6. The acts and conduct of respondents set forth in Findings of Fact 5(c), 5(d), and 5(e) above, have a close, intimate and substantial relation to trade, traffic and commerce among the several States, and tend to lead and have led to labor disputes burdening and obstructing commerce and the free flow of commerce.
 "(7) It may fairly be anticipated that unless enjoined, respondents will continue or repeat the acts and conduct set forth in Findings of Fact 5(c), 5(d), and 5(e) above, or similar or like acts and conduct."
 "Conclusions of Law:
 "1. * * *
 "2. * * *
 "3. There is reasonable cause to believe that:
 "(a) * * *
 "(b) Respondents have engaged in unfair labor practices within the meaning of Sec. 8(b), subsection 4(A) of the Act, and affecting commerce within the meaning of Section 2, subsections (6) and (7) of the Act, and a continuation of these practices will impair the policies of the Act as set forth in Sec. 1(b) thereof.
 "4. To preserve the issues for the orderly determination provided in the Act, it is appropriate, just and proper that, pending disposition of the matters involved pending before the Board, respondents, their officers, representatives, agents, servants, employees, attorneys, and all members and persons acting in concert or participation with them, be enjoined and restrained from the commission, continuance, or repetition, of the acts and conduct set forth above in Findings of Fact 5(c), 5(d) and 5(e), acts or conduct in furtherance or support thereof, or like or related acts of conduct, the commission of which in the future is likely or may fairly be anticipated from respondents' acts and conduct in the past."
 
 
 [2]
 Cf. 28 Am.Jur. "Injunctions" Sec. 14, page 200 and Secs. 267-271 pp. 440-446, and the 1958 Supplement