LOCAL NO. 83, CONSTRUCTION, BUILDING MATERIALS AND MIS-CELLANEOUS DRIVERS UNION, etc., Appellant,

v.

Joseph Alton JENKINS, Regional Director, etc., Appellee.

No. 17727.

United States Court of Appeals Ninth Circuit.

Sept. 24, 1962.

Minne & Sorenson, Anderson D. Ward, and Richard Minne, Phoenix, Ariz., for appellant.

Stuart Rothman, Gen. Counsel, Marcel Mallet-Prevost, Assistant Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Julius G. Serot, Asst. Gen. Counsel, James A. Sullivan, III, and Sanfjord Teu, II, Attorneys, National Labor Relations Board, Washington, D. C., and James W. Cherry, Attorney, National Labor Relations Board, Phoenix, Ariz., for appellee.

Before ORR, HAMLEY and KOELSCH, Circuit Judges.

ORR, Circuit Judge.

Local No. 83 appeals from an order of the District Court for the District of Arizona granting appellee's motion for judgment on the pleadings and issuing a temporary injunction pursuant to Section 10(*l*) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 160(*l*). The petition of the appellee Regional Director of the Twenty-eighth Region of the National Labor Relations Board for the injunction was based on the ground that Local No. 83 had engaged in and was engaging in unfair labor practices

proscribed by Section 8(b) (4) (i) (ii) (C) of the Act, 29 U.S.C.A. § 158(b) (4) (i) (ii) (C). This section prohibits certain conduct in furtherance of an attempt to force an employer to recognize one union as the collective bargaining representative of his employees although another union has been certified by the Board to be such representative.

The petition alleged that some time prior to February 20, 1959 another union, Local 274, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America had been duly certified by the Board as the exclusive bargaining representative of the employees of the B. F. Goodrich Company (hereinafter Goodrich) in the following bargaining unit:

> "All employees of the B. F. Goodrich Tire Company at the Employer's recapping plant at 305 E. Henshaw Avenue, the servicemen employed at the retail store location at 200 East Van Buren Street, and the warehouse employees at 1345 North 22nd Avenue, all in Phoenix, Arizona, but excluding all sales personnel, clerical employees, guards, and supervisors as defined in the Act."

The petition further alleged that on or about April 1, 1961, Union Rock Materials Company (hereinafter Union Rock) contracted to purchase all its tire needs from Goodrich, and Goodrich assigned three of its regular employees from the above bargaining unit to perform tire services at the Union Rock plant. Appellant demanded recognition from Goodrich as the bargaining representative of the three employees so assigned to the Union Rock plant. Being denied that objective, appellant, on or about August 30, 1961, initiated a strike against Goodrich and picketed the Union Rock plant with signs reading: "Teamsters Local 83, picket against B. F. Goodrich, No dispute with Union Rock and Materials Company."

An order to show cause was issued. In answering, appellant denied that Goodrich assigned three of its regular employees from the unit described in the Local 274 certification and that an object of appellant's conduct was to secure recognition for employees covered by the Local 274 certification. Thus there arose in the pleadings a dispute as to a question of fact. Ordinarily a dispute as to a material question of fact precludes a judgment on the pleadings, but the dispute as to the question raised by the pleadings in the instant case was not within the province of the District Court to resolve; it was one for the Board to decide. It seems apparent, and the District Court so found, that the Board could find either that the certification covered the three Goodrich employees at the Union Rock plant or that it did not. That being the case, there existed reasonable cause raised by the pleadings that appellant was engaging in an unfair labor practice, thus justifying the issuance of the injunction.

At the hearing on appellee's motion for judgment on the pleadings, appellant argued that evidence should be taken on the proper meaning of the certification. The District Court advised counsel that the issues raised by the pleadings did not warrant the taking of testimony but if counsel disagreed, he would "be afforded an opportunity to make a regular offer and the Court [would] then act in accordance with the offer." Counsel for appellant replied that in view of the comments by the Court he believed an offer of testimony would be "of no avail." Thereupon the Court granted the motion.

To set aside an order granting a temporary injunction under Section 10(*l*) of the Act, it must appear that the District Court's finding that there was reasonable cause to believe the Act was being violated was clearly erroneous. Warehousemen's Union v. Hoffman, 302 F.2d 352 (9th Cir. 1962).[1] "It is suffi-

---

1. Because of the Congressional policy favoring the granting of temporary injunctions under Section 10(*l*) of the Act in order to prevent irreparable harm, we do not so limit our scope of review when an injunction is denied. See Brown v. Pacific Telephone and Telegraph Company, 218 F.2d 542 (9th Cir. 1954).

cient to sustain the District Court's finding and conclusion if there be any evidence which together with all of the reasonable inferences that might be drawn therefrom supports a conclusion that there is reasonable cause to believe that a violation had occurred." Madden v. International Hod Carriers, 277 F.2d 688, 692 (7th Cir. 1960).

The District Court found, and appellant concedes, that Local 274 is the bargaining representative of Goodrich employees in an appropriate union, and that appellant was engaging in a strike against Goodrich in order to compel Goodrich to recognize and bargain with it as the representative of the three Goodrich employees assigned to the Union Rock plant; that in the event the Local 274 certification covers these three employees, a Section 8(b) (4) (i) (ii) (C) violation is established. From the admitted facts the District Court reasonably concluded that reasonable cause existed to believe that the Act had been violated.

Appellant urges that a literal reading of the Local 274 certification precludes the conclusion that the Goodrich employees assigned to the Union Rock plant were covered thereunder since the certification specifically mentions three other locations. This interpretation is essentially for the Board's determination. We note in passing that this Court has held that a reference to specific plants in a union certification is descriptive only and not necessarily for the purpose of limiting the bargaining unit to the locations therein described. N. L. R. B. v. Shannon, 229 F.2d 652 (9th Cir. 1956).

Appellant says that it was denied due process of law because it was not given an opportunity to present testimony on the issue of reasonable cause. Appellant again misunderstands the function of a District Court in a Section 10(l) proceeding. As we have said, the District Court in a proceeding of this kind is not authorized to determine whether there has been an unfair labor practice, but only if there is reasonable cause to believe that an unfair labor practice has been committed. Appellant was given an opportunity to introduce evidence; it failed to do so. The reason given us was that because of the Court's attitude, it thought to do so would be unavailing. We think it is in no position to judge that for itself and then complain before this Court that it was denied the opportunity to present evidence.

Affirmed.