356 F.2d 58
 LAWRENCE TYPOGRAPHICAL UNION NO. 570, affiliated with the International Typographical Union, AFL-CIO, Appellant,
v.
Hugh E. SPERRY, Regional Director of the Seventeenth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Appellee.
 No. 8088.
 United States Court of Appeals Tenth Circuit.
 January 26, 1966.
 
 George Kaufmann, Washington, D. C. (Gerhard Van Arkel, Washington, D. C., and Stanley D. Rostov, Kansas City, Mo., with him on the brief), for appellant.
 Marvin Roth, Washington, D. C. (Arnold Ordman, Dominick L. Manoli and Julius G. Serot, Washington, D. C., with him on the brief), for appellee.
 Before PICKETT, LEWIS and HILL, Circuit Judges.
 DAVID T. LEWIS, Circuit Judge.
 
 
 1
 Premised upon a finding that there was reasonable cause to believe that the appellant Union had engaged in picketing violative of section 8(b) (7) (B) of the National Labor Relations Act, 29 U.S.C. § 158(b) (7) (B), the District Court for the District of Kansas granted a temporary injunction prohibiting such conduct pursuant to section 10(l) of the Act. The Union's appeal is now pending in this court.
 
 
 2
 On motion to remand, appellee admits that the injunctive relief granted below is not soundly based because the court did not pass upon the validity of an election which resulted in the Union's decertification. See Lawrence Typographical Union, AFL-CIO v. McCulloch, D.C. Cir., 349 F.2d 704.[1] The Board frankly concedes that its present position is inconsistent with its presentation to the court below and that it has led the district court into error. We agree. Appellant, consistent with its position below and upon appeal, also agrees but nevertheless resists the motion both in toto and in procedural particulars.
 
 
 3
 Appellant asserts that the appeal should proceed without remand because the judgment below is faulty upon grounds other than those presently conceded to exist by the Board and which are presently ripe for consideration by this court. We reject this contention as patently inviting multiple appeals but do so, of course, without any consideration of the merits of any substantive question of such a nature.
 
 
 4
 Section 10(l) proceedings contemplate interlocutory relief only and do not adjudicate with finality the issue of whether an unfair labor practice has occurred. The statute provides jurisdiction in the district court to grant discretionary relief in those instances where the Board's agent has "reasonable cause to believe" that an unfair labor practice has occurred. The existence of "reasonable cause to believe" is thus a primary issue and, as we have stated, is probed by evidence relating to the validity of the election. Lawrence Typographical Union v. McCulloch, supra. See also Local Joint Board, etc. v. Sperry, 8 Cir., 323 F.2d 75, 77-79; Local No. 83, Construction etc. Union v. Jenkins, 9 Cir., 308 F.2d 516, 517-518; Madden v. International Hod Carriers', etc. Union of America, Local 41, AFL-CIO, 7 Cir., 277 F.2d 688, 692, cert. denied, 364 U.S. 863, 81 S.Ct. 105, 5 L.Ed.2d 86; Retail Wholesale and Dept. Store Union, AFL-CIO, v. Rains, 5 Cir., 266 F.2d 503, 506; American Federation of Radio and Television Artists, AFL-CIO, v. Getreu, 6 Cir., 258 F.2d 698, 699. As to whether a showing by the Board of the existence of "reasonable cause" could survive as a proper premise for "just and proper" injunctive relief notwithstanding the Union's positive proof of an invalid election and thus, so says the Union, impose an unconscionable and unconstitutional burden of proof upon it, poses but an anticipatory question that we do not consider necessary for determination as a condition of remand.
 
 
 5
 The motion to remand is granted with directions to reopen the record to allow the parties to submit evidence upon the issue of the validity of the election in all relevant aspects; and to make appropriate findings and conclusions in regard thereto.
 
 
 
 Notes:
 
 
 [1]
 The cited opinion relates in detail the complex and continuing history of the parties' litigation leading to the case at bar